KASS v WOLF

Docket No. 161673. Submitted January 3, 1995, at Lansing. Decided August 11, 1995, at 9:20 A.M.

Herman Kass and John C. Hopp, Jr., brought an action in the Oakland Circuit Court against Laurence G. Wolf and Michigan Basic Property Insurance Association, seeking payment of insurance and interest after a fire destroyed a building they had sold to Wolf that was insured by Basic. Kass and Hopp held a mortgage interest in the building securing a promissory note executed by Wolf. Wolf was obligated to pay Kass and Hopp a principal amount to be paid in monthly installments, with interest accruing at a rate of eight percent per annum. Wolf sold the property to Abdul Kahn on a land contract but retained obligation for the debt. The land contract provided that interest was to accrue at a rate of eleven percent per annum. Basic insured the property under a policy issued to Kahn. The interests of Kahn, Kass, Hopp, and Wolf were protected under the policy. The fire damaged the building in an amount exceeding the mortgage balance. Kass and Hopp submitted a proof of loss to Basic, claiming the balance on the mortgage plus daily interest on the balance from that date to the date of payment. Wolf also submitted a proof of loss, claiming the balance due on the land contract and interest on the balance from the date of loss. Wolf also directed Basic to pay Kass and Hopp the mortgage balance and deduct it from the amount owed to him on the land contract. Basic acknowledged an obligation regarding the balance owed to Wolf on the land contract on the date of loss but rejected Wolf's proof of loss that claimed interest after the date of loss. Basic then sent Wolf a compromise payment pursuant to the Uniform Trade Practices Act. After Kass and Hopp brought their action, seeking payment from Basic including interest from the date of

REFERENCES

Am Jur 2d, Insurance § 1519.

See ALR Index under Fire Insurance and Insurance Companies; Mortgages.

loss based on the mortgage contract, Wolf filed a cross-claim against Basic, seeking, in part, interest accrued and accruing on the land contract from the date of the loss until payment. The plaintiffs and Wolf moved for summary disposition. The court, John N. O'Brien, J., finding that the insurance policy protected the contract rights of the parties rather than their interests in the real property, determined that interest from the date of loss to the date of payment was a proper element of the claims of both the mortgagees and the land contract vendor. The court ordered Basic to pay interest on the principal balance of the land contract, which included Wolf's mortgage obligation to the plaintiffs. Basic appealed from that ruling.

The Court of Appeals *held:*

The trial court erred in granting summary disposition against Basic. The court's ruling ignored the general rule that liabilities of insured parties are fixed at the date of the loss. A mortgagee is not entitled to recover the contractual finance charge that accrues after the date of a fire when the amount payable as "interests may appear" under the mortgage clause of an insurance contract is measured by the indebtedness that the mortgagor owes under the note and mortgage at the time of the loss. An insurance policy containing a standard mortgage clause insures the property, not the debt.

Reversed.

1. INSURANCE — RIGHTS OF INSURED PARTIES.

The rights of insured parties generally are fixed at the time of a loss.

2. INSURANCE — MORTGAGES — AMOUNT PAYABLE — INTEREST.

A mortgagee is not entitled to recover the contractual finance charge that accrues after the date of a fire when the amount payable as "interests may appear" under the mortgage clause of an insurance contract is measured by the indebtedness that the mortgagor owes under the note and mortgage at the time of the loss.

*Irving F. Keene,* for Lawrence G. Wolf.

*Patrick, Johnson, King & Gilbert, P.C.* (by *Paul H. Johnson, Jr.,* and *Judith A. Friday*), for Michigan Basic Property Insurance Association.

Before: FITZGERALD, P.J., and MARILYN KELLY
and G. N. BASHARA, JR.,* JJ.

PER CURIAM. Defendant Michigan Basic Prop-
erty Insurance Association appeals as of right an
order granting summary disposition for plaintiffs,
Herman Kass and John C. Hopp, Jr., and cross-
plaintiff, Laurence G. Wolf. The trial court ruled
that plaintiffs, who held a mortgage interest in an
apartment building destroyed by fire, were entitled
to collect interest from the date of loss to the date
of payment as a proper element of their insurance
claim. The trial court also ruled that the mortga-
gor, Wolf, who sold the building on a land con-
tract, was entitled to collect the interest that he
would have collected under the land contract from
the date of loss to the date of payment. However,
defendant Basic was not required to pay any sums
to plaintiffs in addition to what was due Wolf.[1] We
reverse.

Plaintiffs' mortgage interest secured a promis-
sory note executed by defendant/cross-plaintiff
Wolf. Wolf was obligated to pay plaintiffs a princi-
pal amount of $175,000, to be paid in monthly
installments of $1,500, which included payment for
interest accruing at a rate of eight percent per
annum. Wolf sold the property to Abdul Kahn on
a land contract but retained obligation for the
debt. The interest payment on the land contract
accrued at a rate of eleven percent.

Defendant Basic insured the property under a
policy issued to Kahn. The interests of Kahn,
Kass, Hopp, and Wolf were all protected under the
policy.

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

[1] It is assumed that the interest due on the mortgage was to be paid
out of the interest paid on the land contract.

On June 7, 1991, fire damaged the insured building in an amount exceeding the mortgage balance. On July 15, 1991, plaintiffs submitted a proof of loss, claiming the balance on the mortgage of $101,694.43 plus daily interest on the balance of $20.83 from July 15 to the date of payment. Wolf also submitted a proof of loss, claiming $186,797, the balance due on the land contract. He also claimed interest on that balance from the date of loss. Wolf also directed the insurer to pay plaintiffs the mortgage balance and deduct it from the amount owed to him on the land contract.

On January 29, 1992, defendant Basic acknowledged an obligation of $186,797, the balance owed to Wolf on the land contact on the date of loss. Defendant Basic rejected that portion of Wolf's proof of loss that claimed interest after the date of loss. On March 18, 1992, defendant Basic sent a check for $158,777[2] as a compromise payment to comply with the Uniform Trade Practices Act, MCL 500.2001 *et seq.*; MSA 24.12001 *et seq.*, which requires an insurer to pay those parts of a claim supported by a proof of loss within sixty days or be subject to an interest penalty.

On April 1, 1992, plaintiffs filed a complaint against Wolf and Basic seeking payment from defendant Basic, including interest from the date of loss based on the mortgage contract. Wolf filed a cross-claim against defendant Basic, seeking both payment of the fifteen percent reserved for payment to the city, as well as interest accrued and accruing on the land contract at a rate of eleven percent from the date of loss until payment. Plaintiffs and Wolf moved for summary disposition on the ground that they were entitled to collect inter-

[2] $186,797 less fifteen percent reserved for the City of Highland Park under MCL 500.2845; MSA 24.12845 and a $250 deductible.

est on the land contract and the mortgage from the date of loss until the date of payment.

The trial court, finding that the insurance policy protected the contract rights of the parties rather than their interests in the real property, determined that interest from the date of loss to the date of payment was a proper element of the claims of both the mortgagees and the land contract vendor. The court therefore ordered defendant Basic to pay interest on the principal balance of $186,797, which included Wolf's mortgage obligation to plaintiffs. Defendant Basic appeals from this ruling.

An insurance policy, like any other contract, is an agreement between the parties. *Auto-Owners Ins Co v Churchman,* 440 Mich 560, 566; 489 NW2d 431 (1992). When presented with a dispute, a court must determine what the parties' agreement is and enforce it. *Fragner v American Community Mutual Ins Co,* 199 Mich App 537, 542-543; 502 NW2d 350 (1993). An insurance contract should be read as a whole and meaning given to all terms. *Churchman, supra* at 566.

The sole question presented is whether defendant Basic is liable under the insurance contract to pay interest that accrued on the land contract or mortgage obligations from the date of loss to the date of payment of the claim. The insurance contract provided in pertinent part:

> 7.b. We will pay for covered loss of or damage to building or structures to each mortgage holder shown in the Declarations in their order of precedence, as interests may appear.
>
> * * *
>
> e. If we pay the mortgage holder for any loss or damage and deny payment to you [Kahn] because of your acts or because you have failed to comply with the terms of this policy:

(1) The mortgage holder's rights under the mortgage will be transferred to us to the extent of the amount we pay; and

(2) the mortgage holder's right to recover the full amount of the mortgage holder's claim will not be impaired.

At our option, we may pay to the mortgage holder the whole principal on the mortgage plus any accrued interest. In this event, your mortgage and note will be transferred to us and you will pay your remaining mortgage debt to us.[3]

Generally, the rights of insured parties are fixed at the time of the loss. *Booker T Theatre Co v Great American Ins Co of New York,* 369 Mich 583, 591; 120 NW2d 776 (1963); *Root v Republic Ins Co,* 82 Mich App 446; 266 NW2d 842 (1978); see also 5 Couch, Insurance, 2d (rev ed, 1984), § 29.76. Given this general rule, Wolf's position that defendant Basic is liable for interest that accrued on the mortgage debt or land contract after that date is misplaced. There is no dispute that plaintiffs and Wolf had interests protected under the insurance policy. The nature of the interests was defined in the mortgage and land contract agreements, but the extent of the interests was determined at the date of loss. *Booker T, supra.* Indeed, other jurisdictions that have considered the issue have held that a mortgagee is not entitled to recover the contractual finance charge accruing since the date of a fire when " '[t]he amount payable as "interests may appear" under the mortgage clause of an insurance contract is measured by the indebtedness which the mortgagor owes under his note and mortgage at the time of the loss.' " *Midwest Federal Savings & Loan*

---

[3] Because the loss was greater than the mortgage interest, the principal amount to be paid to the mortgagees was the same regardless of which option defendant Basic elected.

*Ass'n of Minneapolis v West Bend Mutual Ins Co,*
407 NW2d 690, 696 (Minn App, 1987), quoting
*Minnesota Federal Savings & Loan Ass'n v Iowa
Nat'l Mutual Ins Co,* 372 NW2d 763, 767 (Minn
App, 1985); see also *Giberson v First Federal Savings & Loan Ass'n of Waterloo,* 329 NW2d 9, 11
(Iowa, 1983), and *Ben-Morris Co v Hanover Ins Co,*
3 Mass App 779, 780; 333 NE2d 455 (1975). Wolf's
position is essentially that the parties' interests on
the date of the loss *included* ongoing interest that
accrued until the debt was fully paid because its
insured interest was having collateral for the debt,
not an interest in the property itself. This position
was rejected in *Grady v Utica Mutual Ins Co,* 69
AD2d 668, 673; 419 NYS2d 565 (1979), which held
that an insurance policy containing the standard
mortgage clause " 'accomplishes an insurance of
the property and not of the debt, and the only
importance of the debt is that it gives the mortgagee an insurable interest in the property,' " quoting *Fields v Western Millers Mutual Fire Ins Co,*
290 NY 209, 213; 48 NE2d 489 (1943).

Thus, while Wolf's argument and the trial
court's ruling are not untenable, there is no authority to support the ruling.[4] Accordingly, we
conclude that the trial court erred in granting
summary disposition against defendant Basic because its ruling ignores the general rule that
liabilities are fixed at the date of the loss.

Reversed.

---

[4] Wolf relied solely on *Booker T, supra,* in support of his position.
*Booker T* is distinguishable, however, because the liability in that
case was incurred before the date of the loss. In the present case, the
interest at issue did not accrue until after the date of loss.