ROYCE v CITIZENS INSURANCE COMPANY

Docket No. 186185. Submitted September 10, 1996, at Grand Rapids.
Decided October 22, 1996, at 9:00 A.M. Leave to appeal sought.

Stella A. Royce brought an action in the Kent Circuit Court against
Citizens Insurance Company, seeking a declaration that the defend-
ant, as the plaintiff's homeowner's insurer, had a duty to defend
and indemnify the plaintiff against an action for slander of title.
The court, Dennis B. Leiber, J., granted summary disposition for
the plaintiff. The defendant appealed.

The Court of Appeals *held*:

1. Although the insurance policy at issue generally provided that
the defendant would pay sums that the insured became legally obli-
gated to pay as damages for bodily injury or property damage
caused by an accident, thus seeming to have excluded coverage for
all intentional torts, an endorsement to the policy defined "dam-
ages" to include damages for libel, slander, false arrest, malicious
prosecution, and false imprisonment. By including several inten-
tional torts in the definition of "damages," the defendant negated
the general rule of nonliability for intentional torts.

2. The policy was ambiguous with respect to whether "slander,"
as used in the policy, referred to defamation of character only. In
view of the association between slander of person and slander of
title, the ambiguity must be resolved against the defendant, as the
drafter of the policy, and in favor of coverage of the plaintiff for
both types of slander.

Affirmed.

1. INSURANCE — INSURERS' DUTIES TO DEFEND AND INDEMNIFY INSUREDS.

An insurer's duty to defend an insured is broader than its duty to
indemnify the insured.

2. INSURANCE — INSURERS' DUTY TO DEFEND INSUREDS.

A court in determining whether an insurer has a duty to defend an
insured looks to the language of the insurance policy and construes
its terms to find the scope of coverage; the court must read the pol-
icy as a whole, give all the terms contained within the policy their
ordinary and plain meaning, and construe any ambiguities against
the insurer and in favor of coverage.

*Gruel, Mills, Nims & Pylman, LLP* (by *Scott R. Melton*), for the plaintiff.

*Eardley Law Offices, P.C.* (by *John F. Eardley* and *Eugenie B. Mackay*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and O'CONNELL and K. W. SCHMIDT,* JJ.

O'CONNELL, J. In this declaratory action, defendant insurer appeals as of right the order of the circuit court granting summary disposition pursuant to MCR 2.116(C)(9) in favor of plaintiff. The court determined that an insurance contract providing that defendant would defend against suits alleging, and indemnify plaintiff for all damages arising from, acts of "slander" on her part encompassed her alleged act of "slander of title." We affirm pursuant to MCR 2.116(C)(10).

The convoluted facts underlying the instant suit were set forth by this Court in the related case of *Royce v Duthler*, 209 Mich App 682, 685-688; 531 NW2d 817 (1995). In *Royce*, we determined the interests of various parties, including plaintiff, with respect to a disputed parcel of land and an easement on an adjoining piece of property. During the imbroglio preceding the suit, and one must read the facts of *Royce* to truly appreciate the situation, plaintiff filed an affidavit of interest in the disputed property, effectively blocking its sale. The prospective purchasers of the property, the Shabazes, filed suit against plaintiff, alleging tortious interference with contract and slander of title. This suit was held in abeyance pending this Court's resolution of *Royce*.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Presumably, the Shabazes' suit against plaintiff remains in abeyance. Two weeks before plaintiff filed the affidavit of interest, thereby allegedly committing slander of title, plaintiff obtained a homeowner's insurance policy from defendant. The policy provided that defendant was to defend against and indemnify plaintiff for "damages," which were defined in an amendatory endorsement (F-70) as follows:

> Damages includes damages for bodily injury and for property damages and except in connection with any business, occupation, trade or profession, also includes damages for libel, slander, false arrest, malicious prosecution and false imprisonment.

After the Shabazes filed suit, alleging slander of title, plaintiff tendered the defense of the action to defendant. Defendant denied coverage. Plaintiff then filed this declaratory judgment action against defendant, contending that defendant breached the insurance contract where the contract provided coverage for slander, yet defendant refused to defend plaintiff in a suit alleging slander *of title*.

Subsequently, defendant moved for summary disposition under MCR 2.116(C)(8) and (10) on the ground that its policy did not provide coverage for slander of title because intentional torts did not fall within the meaning of an "occurrence" as the term was used in the policy. Plaintiff responded to defendant's motion and moved for summary disposition under MCR 2.116(C)(10) on the ground that there was no dispute that defendant had a duty to defend her.

After hearing oral arguments concerning the parties' motions, the trial court issued its written opinion and determined that summary disposition in plaintiff's

favor pursuant to MCR 2.116(C)(9) was warranted under the facts. On April 14, 1995, the trial court entered an order to this effect. On May 10, 1995, the trial court entered judgment in plaintiff's favor and awarded the costs of defending the underlying suit to her.

Defendant now argues that the trial court erred in granting summary disposition in plaintiff's favor because its policy of insurance excluded coverage for all intentional torts such as slander of title. This Court reviews de novo as a question of law a trial court's determination concerning a motion for summary disposition. *Lindsey v Harper Hosp*, 213 Mich App 422, 425; 540 NW2d 477 (1995).

Initially, we would note that the trial court characterized the motion as being decided on the basis of MCR 2.116(C)(9), yet the parties argued that summary disposition in their respective favors was warranted because there were no issues of material fact in dispute. Summary disposition under MCR 2.116(C)(9) is granted when an opposing party fails to plead a valid defense to a claim against it. *Nicita v Detroit (After Remand)*, 216 Mich App 746, 750; 550 NW2d 269 (1996). A motion under this subrule tests the sufficiency of the defendant's pleading by accepting all the well-pleaded allegations as true. *Lepp v Cheboygan Area Schools*, 190 Mich App 726, 730; 476 NW2d 506 (1991). Thus, a motion under MCR 2.116(C)(9) is analogous to one under MCR 2.116(C)(8) in that the trial court may look only to the parties' pleadings. *Grebner v Clinton Charter Twp*, 216 Mich App 736, 740; 550 NW2d 265 (1996). Nevertheless, the parties below submitted documentary evidence in support of their motions, so the trial court could not properly grant

summary disposition in plaintiff's favor under MCR 2.116(C)(9). If summary disposition is granted under one subpart of the court rule when it was actually appropriate under another, the defect is not fatal and does not preclude appellate review as long as the record permits review under the correct subrule. *Brown v Drake-Willock Int'l, Ltd*, 209 Mich App 136, 143; 530 NW2d 510 (1995). Because the parties argued that there were no issues of material fact in dispute, we will address this issue as a motion pursuant to MCR 2.116(C)(10).

Generally, a motion for summary disposition pursuant to MCR 2.116(C)(10) tests whether there is factual support for a party's claim. *Mitchell v Dahlberg*, 215 Mich App 718, 725; 547 NW2d 74 (1996). When determining whether summary disposition is proper under this subrule, the trial court must consider the documentary evidence, which includes the pleadings, depositions, admissions, and affidavits, that is available to it. *Zurich-American Ins Co v Amerisure Ins Co*, 215 Mich App 526, 530; 547 NW2d 52 (1996). The moving party has the initial burden of identifying the matters that have no factual disputes and supporting its position with the above-listed documentary evidence. *Guardian Industries Corp v Dep't of Treasury*, 198 Mich App 363, 378; 499 NW2d 349 (1993). The nonmoving party then has the burden to use documentary evidence to show that a genuine issue of material fact exists. *Coleman-Nichols v Tixon Corp*, 203 Mich App 645, 650; 513 NW2d 441 (1994). After giving the nonmoving party the benefit of reasonable doubt, the trial court must determine whether a record might be developed that will leave open an issue upon which reasonable minds could differ. *Nelson v American*

*Sterilizer Co*, 212 Mich App 589, 594; 538 NW2d 80 (1995). Therefore, the policy must be analyzed to see whether any genuine issue of material fact exists concerning defendant's duty to defend plaintiff.

It is well settled in Michigan that an insurer's duty to defend is broader than its duty to indemnify. *Auto-Owners Ins Co v City of Clare*, 446 Mich 1, 15; 521 NW2d 480 (1994). In order to determine whether an insurer has a duty to defend its insured, this Court must look to the language of the insurance policy and construe its terms to find the scope of the coverage of the policy. *Arco Industries Corp v American Motorists Ins Co*, 448 Mich 395, 402; 531 NW2d 168 (1995). Generally, an insurance policy is a contract between the insurer and the insured. *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 566; 489 NW2d 431 (1992). If a trial court is presented with a dispute between these parties over the meaning of the policy, the trial court must determine what the agreement is and enforce it. *Kass v Wolf*, 212 Mich App 600, 604; 538 NW2d 77 (1995). When determining what the parties' agreement is, the trial court should read the contract as a whole and give meaning to all the terms contained within the policy. *Churchman, supra* at 566. The trial court shall give the language contained within the policy its ordinary and plain meaning so that technical and strained constructions are avoided. *Hosking v State Farm Mutual Automobile Ins Co*, 198 Mich App 632, 633-634; 499 NW2d 436 (1993). A policy is ambiguous when, after reading the entire document, its language can be reasonably understood in different ways. *Trierweiler v Frankenmuth Mutual Ins Co*, 216 Mich App 653, 656-657; 550 NW2d 577 (1996). If the trial court determines that the policy is

ambiguous, the policy will be construed against the insurer and in favor of coverage. *Heniser v Frankenmuth Mutual Ins Co*, 449 Mich 155, 160; 534 NW2d 502 (1995). However, if the contract is unambiguous, the trial court must enforce it as written. *Arco, supra* at 403. Either way, if the allegations of the underlying suit arguably fall within the coverage of the policy, the insurer has a duty to defend its insured. *American Bumper & Mfg Co v Hartford Fire Ins Co*, 207 Mich App 60, 67; 523 NW2d 841 (1994), aff'd 452 Mich 440; 550 NW2d 475 (1996).

The policy in question provides that defendant "agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence." The policy's definition of the term "occurrence" is integral to the construction of this clause because it limits defendant's liability to those incidents that are accidents. In Michigan, an accident is "an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected." *Arco, supra* at 404. Thus, as a general rule, insurers are not liable for an insured's nonaccidental acts. 11 Couch, Insurance, 2d, § 44:275, p 426.

Nevertheless, defendant modified its policy with endorsement F-70, which provides in pertinent part:

> The definition of "damages" is added to read:
> "damages" includes damages for bodily injury and for property damages and except in connection with any business, occupation, trade or profession, also includes damages for

libel, slander, false arrest, malicious prosecution and false imprisonment.

Defendant misapprehends the effect of this modification. By including several intentional torts within the definition of damages, defendant negated the applicability of the general rule of nonliability for such torts. Because the endorsement modifies the general policy by the inclusion of coverage for the named intentional torts, its terms prevail. *Hawkeye-Security Ins Co v Vector Construction Co*, 185 Mich App 369, 380; 460 NW2d 329 (1990).

Even though the endorsement controls, defendant asserts that the policy covers only the tort of slander, not slander of title. It is true that slander, interference with a person's reputation, and slander of title, interference with a person's ownership of land, are more or less distinctive torts, but the torts have an ancient association. Prosser & Keeton, Torts (5th ed), § 128, p 962. This Court recognized this association when it determined that the two torts shared the same statute of limitations. *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 471; 487 NW2d 807 (1992). Because of this recognized association between the two torts, the definition of damages within defendant's endorsement can be read to have two meanings. First, the definition can mean that it applies only to bodily injury arising from the slander of a person with no recourse for property damage claims arising from slander of title. Conversely, it can be read to mean that property damage from slander to property, in other words slander of title, falls within the coverage of the policy. Therefore, we conclude that defendant's policy is ambiguous. Because the damage definition is ambiguous, it must be construed against defendant as the

drafter of the contract and coverage must be found. *Heniser, supra* at 160.

Therefore, the allegations of slander of title contained within the complaint for the underlying suit arguably fall within the coverage of the policy, so defendant has a duty to defend plaintiff. *American Bumper, supra* at 67. Because the trial court came to the conclusion that defendant's policy provided coverage for slander of title and defendant had a duty to defend plaintiff, it did not err in granting summary disposition in plaintiff's favor. *Kaufman & Payton, PC v Nikkila*, 200 Mich App 250, 258; 503 NW2d 728 (1993).

We decline to review the other issues raised on appeal. The issue pertaining to the filing of an amended complaint is factually without merit. Similarly, the res judicata issue is being raised for the first time on appeal. This Court need not review such issues. *Auto Club Ins Ass'n v Lozanis*, 215 Mich App 415, 421; 546 NW2d 648 (1996).

Affirmed.