SHEFMAN v AUTO-OWNERS INSURANCE COMPANY

Docket No. 242493. Submitted January 13, 2004, at Lansing. Decided June 29, 2004, at 9:05 A.M.

   Peter Shefman and Terrace Land Development Company, doing business as Shefman Terrace, brought an action in the Washtenaw Circuit Court against Auto-Owners Insurance Company, seeking damages for the defendant's failure to defend or indemnify the plaintiffs for state and federal suits brought against the plaintiffs, which suits were settled before trial. The failure to defend or indemnify was alleged to arise from a general liability insurance policy that included advertising injury. The court, Melinda Morris, J., on motions for summary disposition by the parties, granted the defendant's motion, ruling that both the state and the federal suits were unrelated to the coverage in the policy because the plaintiffs had failed to present any evidence that the advertising injury alleged to have been the basis of the underlying actions occurred in the course of the plaintiffs' advertising activities. The plaintiffs appealed.

   The Court of Appeals *held*:

   Summary disposition was correctly granted for the defendant. The policy coverage for an advertising injury requires three elements: an advertising injury as the policy defines it, a course of advertising, and proof of a causal relationship between the first two elements. The underlying complaints in the state and federal suits did not allege any causal connection between an alleged advertising injury suffered by Timberlane Homes, Inc., a builder, and advertising by the plaintiffs. Rather, Timberlane asserted in the state and federal suits that the plaintiffs misappropriated designs, but did not allege that the plaintiffs used the alleged misappropriated designs in the plaintiffs' advertising or that damages resulted from that sort of advertising. The third element of an advertising injury as defined in the policy has not been established.

   Affirmed.

INSURANCE — GENERAL BUSINESS LIABILITY — ADVERTISING INJURY.

   Coverage for advertising injury in a general business liability policy requires an advertising injury, a course of advertising, and proof of a causal connection between the two.

*Curt A. Benson, P.C.* (by *Curt A. Benson*), for the plaintiffs.

*Conlin, McKenney & Philbrick, P.C.* (by *Allen J. Philbrick*), for the defendant.

Before: O'CONNELL, P.J., and WILDER and MURRAY, JJ.

PER CURIAM. Plaintiffs Peter Shefman and Terrace Land Development Company, doing business as Shefman Terrace, filed this action for damages against defendant Auto-Owners Insurance Company, alleging that defendant wrongfully failed to defend or indemnify them under a commercial general liability insurance policy after plaintiffs were sued in both federal and state court. The trial court denied plaintiffs' motion for partial summary disposition, granted defendant's motion for summary disposition, and entered judgment in favor of defendant. Plaintiffs appealed by right. We affirm.

I

In 1988, plaintiffs began the development of a site for a condominium complex known as Shefman Terrace in the city of Ann Arbor. About August 1992, plaintiffs purchased a commercial general liability policy from defendant. The policy provided, inter alia, that defendant would defend plaintiffs against, and pay any sums resulting from, lawsuits alleging damages arising out of "personal injury" or "advertising injury." The relevant provisions of the policy state:

Coverage B. Personal and Advertising Injury Liability

1. Insuring Agreement.

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this coverage part

applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:

\* \* \*

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments—Coverages A and B.

b. This insurance applies to:

(1) "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

(2) "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;

\* \* \*

2. Exclusions.

This insurance does not apply to:

\* \* \*

b. "Advertising injury" arising out of:

(1) Breach of contract, other than misappropriation of advertising ideas under an implied contract;

\* \* \*

Section V—Definitions

1. "Advertising injury" means injury arising out of one or more of the following offenses:

\* \* \*

d. Infringement of copyright, title or slogan.

\* \* \*

10. "Personal injury" means, other than "bodily injury", arising out of one or more of the following offenses:

\* \* \*

d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or . . . .

In 1992, plaintiffs entered into an agreement with Timberlane Homes, Inc. (Timberlane), under which Timberlane had the right to purchase and develop two units in Shefman Terrace. In 1996, Timberlane filed a seven-count complaint against plaintiffs in the Washtenaw Circuit Court (state claim). Although the complaint contained multiple counts, the gravamen of the allegations in the complaint was that after Timberlane had developed and sold the first unit, plaintiffs attempted to cancel the agreement regarding the second unit, and thereafter "constructed two (2) homes within the same development stealing and duplicating T[imberlane]'s creative design for the home constructed by Timberlane on [the first] [u]nit."

Plaintiffs submitted the claim to defendant, requesting a defense of and coverage for the state claim, and defendant denied this request. Thereafter, plaintiffs retained legal counsel to defend the state claim, and, following extensive discovery, the state claim was mediated. After mediation, by order of the trial court, Timberlane's design misappropriation allegations were dismissed without prejudice from the state claim. Timberlane then filed an action against plaintiffs in the United States District Court alleging copyright infringement (federal claim).

After they were served with Timberlane's federal claim, plaintiffs sought a defense and coverage for the federal claim from defendant. Defendant declined to offer a defense or coverage, asserting that there was no showing of an "occurrence" under the policy, and that the complaint failed to allege "[b]odily injury, property damage, personal injury, or advertising injury, as defined in the policy." Defendant further stated that, in its view, "[plaintiffs were] not advertising [their] goods or services[, and the] complaint does not allege advertising injury." Plaintiffs retained legal counsel to also defend the federal claim, once again directly bearing the legal fees and costs associated with defending the case. Ultimately, both the state and federal claims were resolved by settlement.

Plaintiffs then filed the present action asserting that, given the terms of the general liability policy, defendant wrongfully denied a defense and coverage for the state and federal claims, and that plaintiffs incurred damages as a result. In answer to the complaint, defendant again asserted that plaintiffs were not entitled to a defense or coverage under the terms of the policy. Plaintiffs filed a motion for partial summary disposition under MCR 2.116(C)(9) and (10), and defendant opposed the motion and filed a countermotion for summary disposition under MCR 2.116(C)(8) and (10). Following a hearing on the motions, the trial court issued a written opinion and order denying plaintiffs' motion and granting defendant's motion for summary disposition under MCR 2.116(C)(10). In granting defendant's motion, the trial court concluded in part that there was no genuine issue of material fact that the injury alleged in both the state and federal claims against plaintiffs, that plaintiffs had allegedly constructed and sold homes using designs misappropriated from Timberlane, was not conduct done in the course of advertising. The trial court

further concluded that because the underlying conduct alleged did not occur in the course of advertising, Coverage B, § 1(b)(2) of defendant's policy did not afford coverage and defendant was entitled to judgment as a matter of law.

II

This Court reviews de novo the trial court's rulings on a motion for summary disposition. *Dressel v Ameribank,* 468 Mich 557, 561; 644 NW2d 151 (2003). The construction and interpretation of insurance contracts is also a question of law that this Court reviews de novo. *Henderson v State Farm Fire & Cas Co,* 460 Mich 348, 353; 596 NW2d 190 (1999).

III

In *Radenbaugh v Farm Bureau Gen Ins Co of Michigan,* 240 Mich App 134, 137-139; 610 NW2d 272 (2000), this Court stated:

> It is well settled that "if the allegations of the underlying suit arguably fall within the coverage of the policy, the insurer has a duty to defend its insured." *Royce v Citizens Ins Co,* 219 Mich App 537, 543; 557 NW2d 144 (1996), citing with approval *American Bumper & Mfg Co v Hartford Fire Ins Co,* 207 Mich App 60, 67; 523 NW2d 841 (1994), aff'd 452 Mich 440; 550 NW2d 475 (1996). Further,
>
> "[a]n insurer has a duty to defend, despite theories of liability asserted against any insured which are not covered under the policy, if there are any theories of recovery that fall within the policy. *Dochod v Central Mutual Ins Co,* 81 Mich App 63; 264 NW2d 122 (1978). The duty to defend cannot be limited by the precise language of the pleadings. The insurer has the duty to look behind the third-party's allegations to analyze whether coverage is possible. *Shepard Marine Construction Co v Maryland Casualty Co,* 73 Mich App 62; 250 NW2d 541 (1976). In a case of doubt as

to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured's favor. 14 Couch on Insurance 2d, § 51:45, p 538. [*Western Casualty & Surety Group v Coloma Twp,* 140 Mich App 516, 520-521, 364 NW2d 367 (1985), quoting with approval *Detroit Edison Co v Michigan Mut Ins Co,* 102 Mich App 136, 141-142; 301 NW2d 832 (1980).]"

Also, the following fundamental principles of insurance law apply:

It is well settled in Michigan that an insurer's duty to defend is broader than its duty to indemnify. *Auto-Owners Ins Co v City of Clare,* 446 Mich 1, 15; 521 NW2d 480 (1994). In order to determine whether an insurer has a duty to defend its insured, this Court must look to the language of the insurance policy and construe its terms to find the scope of the coverage of the policy. *Arco Industries Corp v American Motorists Ins Co,* 448 Mich 395, 402; 531 NW2d 168 (1995). Generally, an insurance policy is a contract between the insurer and the insured. *Auto-Owners Ins Co v Churchman,* 440 Mich 560, 566; 489 NW2d 431 (1992). If a trial court is presented with a dispute between these parties over the meaning of the policy, the trial court must determine what the agreement is and enforce it. *Kass v Wolf,* 212 Mich App 600, 604; 538 NW2d 77 (1995). When determining what the parties' agreement is, the trial court should read the contract as a whole and give meaning to all the terms contained within the policy. *Churchman, supra* at 566. The trial court shall give the language contained within the policy its ordinary and plain meaning so that technical and strained constructions are avoided. *Hosking v State Farm Mutual Automobile Ins Co,* 198 Mich App 632, 633-634; 499 NW2d 436 (1993). A policy is ambiguous when, after reading the entire document, its language can be reasonably understood in different ways. *Trierweiler v Frankenmuth Mutual Ins Co,* 216 Mich App 653, 656-657; 550 NW2d 577 (1996). If the trial court determines that the policy is ambiguous, the policy will be construed against the insurer and in favor

of coverage. *Heniser v Frankenmuth Mutual Ins Co*, 449 Mich 155, 160; 534 NW2d 502 (1995). However, if the contract is unambiguous, the trial court must enforce it as written. *Arco, supra* at 403. [*Royce, supra* at 542-543.]

Applying these principles in the instant case, we conclude that summary disposition was correctly granted in favor of defendant. In *GAF Sales & Service, Inc v Hastings Mut Ins Co*, 224 Mich App 259, 261-262; 568 NW2d 165 (1997), this Court, reviewing a general commercial liability policy with language identical to the one in the instant case, held that "[t]he policy coverage for 'advertising injury' . . . requires three elements: an 'advertising injury' as defined in the policy; a 'course of advertising' . . . ; and proof of a causal relationship between the first two elements." *Id.* Assuming, without deciding, that plaintiffs presented sufficient evidence of the first and second elements to survive summary disposition, we nevertheless conclude that the underlying complaints by Timberlane did not allege any causal connection between an alleged advertising injury suffered by Timberlane and advertising by plaintiffs, and that plaintiffs' cause of action must fail. As noted by the trial court, Timberlane asserted in each lawsuit that plaintiffs wrongfully constructed and sold homes that were built using Timberlane's misappropriated designs, and that damages were incurred by Timberlane because of the construction and sale of those homes. Timberlane did not allege that plaintiffs used the allegedly misappropriated designs in plaintiffs' advertising or that damages resulted from such advertising; therefore, the necessary third element cannot be established.[1]

---

[1] Thus, we need not decide whether the trial court properly applied a narrow rather than broad definition of the term "advertising," which was not otherwise defined in the policy. See *GAF, supra* at 263-264.

Plaintiffs contend, nevertheless, that Timberlane's allegations that plaintiffs displayed and exhibited the homes constituted allegations of a course of advertising sufficient to bring the complaints within the scope of the policy. We disagree. " 'Courts have repeatedly rejected an insured's argument that advertising is part and parcel of selling and that an offense [that] occurs during selling is an offense committed in the course of advertising.' " *Farmington Cas Co v Cyberlogic Technologies, Inc*, 996 F Supp 695, 702-703 (ED Mich, 1998), quoting *Poof Toy Products, Inc v United States Fidelity & Guaranty Co*, 891 F Supp 1228, 1234 (ED Mich, 1995). Timberlane's claims went no further than to assert that plaintiffs misappropriated designs to construct and sell homes. Because the alleged injury resulting to Timberlane from the construction and sale of homes by plaintiffs does not constitute an injury that occurred in the course of advertising, plaintiffs' claim for a defense or coverage must fail.

Affirmed.