CITIZENS INSURANCE COMPANY v SECURA INSURANCE

Docket No. 274751. Submitted November 16, 2007, at Detroit. Decided
May 15, 2008, at 9:10 a.m.

Citizens Insurance Company brought an action in the Ingham
Circuit Court against Secura Insurance, Geraldine Irvine, Andrew
Gillespie, and others, seeking a declaratory judgment that Secura
owed Gillespie a duty to defend and indemnify in several lawsuits
filed against him. The plaintiffs in those lawsuits sought damages
for injuries and deaths sustained in an automobile accident in
which Gillespie was allegedly under the influence of medication
and alcohol while driving a vehicle owned by Irvine, his mother.
Citizens insured vehicles owned by Gillespie and Secura insured
the vehicle owned by Irvine that was involved in the accident.
Irvine filed a motion for summary disposition, contending that
there was no genuine issue of material fact that Gillespie did not
have her consent to operate her vehicle at the time of the accident
and, therefore, she was not liable under the owner-liability statute,
MCL 257.401. The court, Beverley Nettles-Nickerson, J., denied
the motion, holding that a genuine issue of material fact remained
regarding whether Gillespie was operating Irvine's vehicle with
her consent. The court thereafter granted summary disposition for
Citizens, holding that Secura had a duty to defend and indemnify
with regard to the underlying actions filed against Gillespie.
Secura and Irvine appealed.

The Court of Appeals *held*:

1. The Secura policy provides coverage in a situation where an
individual is operating the vehicle in question with the permission
of the insured. MCL 257.401(1) creates a rebuttable presumption
that a vehicle is being driven with the knowledge and consent of
the owner if it is being driven by the spouse, father, mother,
brother, sister, son, daughter, or other immediate member of the
owner's family. This presumption, taken together with the plain-
tiffs' allegations in the underlying suits that Gillespie was operat-
ing the vehicle with Irvine's consent, are sufficient to support the
conclusion that Secura has a duty to defend Gillespie in the
underlying suits. The trial court did not prematurely grant sum-
mary disposition in favor of Citizens with regard to Secura's duty

to defend. That part of the trial court's order must be affirmed. Secura's argument that Gillespie was operating Irvine's vehicle without her consent does not defeat its duty to defend Gillespie in this case.

2. The statutory presumption of consent may be rebutted and, in that event, if it is shown that Irvine did not consent to the use of her vehicle, Secura would not be obligated to indemnify Gillespie. Summary disposition with regard to Secura's duty to indemnify was granted prematurely. The part of the order regarding Secura's duty to indemnify must be reversed.

3. Secura's appeal was not vexatious. The request by Citizens for costs and sanctions against Secura must be denied.

Affirmed in part and reversed in part.

INSURANCE — DUTY TO DEFEND INSURED.

An insurance company has a duty to defend its insured if the allegations of the underlying suit arguably fall within the coverage of the policy; this duty is not limited to meritorious suits and may even extend to actions that are groundless, false, or fraudulent as long as the allegations against the insured even arguably come within the policy coverage; the duty to defend arises from the language of the insurance contract and does not depend on the insured's liability to pay.

*Mellon, McCarthy & Pries, P.C.* (by *Daniel J. McCarthy* and *Brian R. Harris*), for Citizens Insurance Company.

*Garan Lucow Miller, P.C.* (by *Megan K. Cavanagh*), for Secura Insurance and Geraldine Irvine.

Before: ZAHRA, P.J., and WHITE and O'CONNELL, JJ.

ZAHRA, P.J. In this action for a declaratory judgment arising out of a fatal automobile accident, defendants Secura Insurance and Geraldine Irvine, Secura's insured, appeal as of right from the trial court's order granting plaintiff Citizens Insurance Company's motion for summary disposition under MCR 2.116(C)(10). The trial court determined that Secura owed defendant

Andrew Gillespie, Citizens' insured, a duty to defend and indemnify in regard to underlying actions filed against Gillespie. Pursuant to the Secura insurance policy, Gillespie would be insured if he operated the vehicle he was driving with the express or implied consent of Irvine, the vehicle's owner. Whether Irvine consented to Gillespie's use of her vehicle is a disputed issue that must be resolved by the fact-finder. As more fully explained in this opinion, we conclude that Secura had a duty to defend Gillespie. We further conclude that the question of Secura's duty to indemnify turns on the fact-finder's determination whether Gillespie operated the vehicle with the express or implied consent of Irvine. We affirm the order as it relates to Secura's duty to defend Gillespie. We reverse the order, in part, as it relates to Secura's duty to indemnify Gillespie.

## I. BASIC FACTS AND PROCEDURE

On August 23, 2004, Gillespie was operating a 1998 Toyota Camry belonging to his mother, Geraldine Irvine, while allegedly under the influence of medication and alcohol. Gillespie caused a car accident that resulted in the deaths of Alysha Lynn Salt and Robert Bolanowski and caused critical injuries to Stephen Ancona and Terrance Hall.

Ancona, Hall, and the personal representatives of the estates of Salt and Bolanowski filed lawsuits against Gillespie (the underlying lawsuits), alleging that he negligently operated Irvine's vehicle at the time of the accident. The plaintiffs in the underlying suits also alleged that Gillespie operated Irvine's vehicle with her consent and, accordingly, that Irvine is liable under MCL 257.401 (the owner-liability statute). Irvine, who was insured by Secura at the time of the accident, filed a motion for summary disposition under MCR

2.116(C)(10), arguing that there was no genuine issue of material fact that Gillespie did not have her consent to operate her vehicle at the time of the accident. The trial court denied this motion, holding that a genuine issue of material fact remained regarding whether Gillespie was operating Irvine's vehicle with her consent.

Citizens insured Gillespie at the time of the accident. Citizens contacted Secura by letter informing it that Secura had a duty to defend Gillespie in the underlying lawsuits. Secura refused to defend Gillespie. Citizens then filed the present action, seeking a determination that Secura owed Gillespie a duty to defend and indemnify in the underlying lawsuits. The trial court granted Citizens' motion for summary disposition and ordered Secura to defend and indemnify Gillespie in the underlying lawsuits.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary disposition de novo. *Maskery v Univ of Michigan Bd of Regents*, 468 Mich 609, 613; 664 NW2d 165 (2003). The interpretation and construction of insurance contracts are also questions of law, which this Court reviews de novo. *Shefman v Auto-Owners Ins Co*, 262 Mich App 631, 636; 687 NW2d 300 (2004).

### B. CITIZENS' LIABILITY UNDER ITS POLICY WITH GILLESPIE

Gillespie obtained from Citizens an insurance policy that covered two vehicles that he owned. This policy provided, in part, that Citizens would "pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an 'auto accident'[,]" and that Citizens will "settle or

defend . . . any claim or suit asking for these damages." The "other insurance" clause of the policy declared that the coverage provided by Citizens for a vehicle not owned by Gillespie "shall be excess over any other collectable insurance." Here, Gillespie was driving a vehicle he did not own. By the plain terms of the Citizens insurance policy, any coverage under that policy is excess to other coverage that is afforded Gillespie.

### C. SECURA'S LIABILITY UNDER ITS POLICY WITH IRVINE

Although a copy of Irvine's policy with Secura is not included in the lower-court record, Secura acknowledges that MCL 257.520(b)(2) provides that properly certified policies of liability insurance shall

> insure the person named therein *and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured,* against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada. [Emphasis added.]

Therefore, we assume, as did the trial court, that the Secura policy complies with this statute and provides coverage in a situation where an individual is operating the vehicle in question with the permission of the insured.

Secura acknowledges that if Irvine consented to Gillespie's use of her vehicle, Gillespie would be an insured under its policy. Nonetheless, Secura argues that the trial court prematurely granted Citizens' motion for summary disposition because the question whether Gillespie was an insured under Secura's policy could not be determined until a jury determines that Gillespie was in fact operating Irvine's vehicle with her consent at the time of the accident. We disagree.

MCL 257.401(1) creates a rebuttable presumption that a vehicle "is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his or her spouse, father, mother, brother, sister, son, daughter, or other immediate member of the family." Pursuant to this statutory provision, we start our analysis with the presumption that Gillespie, who was driving Irvine's vehicle at the time of the injury and who is the son of Irvine, had the consent of Irvine to drive her vehicle and thus Gillespie is an insured under the Secura policy. We recognize this statutory presumption is rebuttable. We nonetheless conclude that the presumption, taken together with the plaintiffs' allegations in the underlying suits, are significant and sufficient to support the conclusion that Secura has a duty to defend Gillespie in the underlying suits.

### 1. SECURA'S DUTY TO DEFEND GILLESPIE

An insurance company has a duty to defend its insured "if the allegations of the underlying suit arguably fall within the coverage of the policy . . . ." *Royce v Citizens Ins Co,* 219 Mich App 537, 543; 557 NW2d 144 (1996). An insurer's duty to defend is broader than its duty to indemnify. *Busch v Holmes,* 256 Mich App 4, 9; 662 NW2d 64 (2003). The duty to defend arises from the language of the insurance contract. *Michigan Ed Employees Mut Ins Co v Turow,* 242 Mich App 112, 117; 617 NW2d 725 (2000). In determining whether there is a duty to defend, courts are guided by established principles of contract construction. *McKusick v Travelers Indemnity Co,* 246 Mich App 329, 332; 632 NW2d 525 (2001).

> The duty of the insurer to defend the insured depends upon the allegations in the complaint of the third party in his or her action against the insured. This duty is not

limited to meritorious suits and may even extend to actions which are groundless, false, or fraudulent, so long as the allegations against the insured *even arguably* come within the policy coverage. An insurer has a duty to defend, despite theories of liability asserted against any insured which are not covered under the policy, if there are any theories of recovery that fall within the policy. The duty to defend cannot be limited by the precise language of the pleadings. The insurer has the duty to look behind the third party's allegations to analyze whether coverage is possible. In a case of doubt as to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured's favor. [*Detroit Edison Co v Michigan Mut Ins Co,* 102 Mich App 136, 141-142; 301 NW2d 832 (1980) (emphasis in original; citations omitted).]

See also *Protective Nat'l Ins Co of Omaha v Woodhaven,* 438 Mich 154, 159; 476 NW2d 374 (1991).

Here, the underlying complaints allege that Gillespie had the permission of Irvine to operate the vehicle. This is a theory of liability that the Secura policy arguably covers. In *Polkow v Citizens Ins Co of America,* 438 Mich 174, 180; 476 NW2d 382 (1991), a case concerning an insurance company's duty to defend in a pollution suit, our Supreme Court stated:

Fairness requires that there be a duty to defend at least until there is sufficient factual development to determine what caused the pollution so that a determination can be made regarding whether the discharge was sudden and accidental. Until that time, the allegations must be seen as "arguably" within the comprehensive liability policy, resulting in a duty to defend.

In *Guerdon Industries, Inc v Fidelity & Cas Co of New York,* 371 Mich 12, 18; 123 NW2d 143 (1963), our Supreme Court stated, "[i]t is settled that the insurer's duty to defend the insured is measured by the allegation

in plaintiff's pleading. The duty to defend does not depend upon [the] insurer's liability to pay."

In *Zurich Ins Co v Rombough,* 19 Mich App 606, 612; 173 NW2d 221 (1969), aff'd 384 Mich 228 (1970), a party brought a negligence action against the defendant as a result of a car accident. The plaintiff, the defendant's insurance company, argued that it did not have any duty to defend the defendant in the underlying suit because the defendant was operating the vehicle while hauling a trailer as a part of a business. The policy carried an endorsement that provided that the policy did not apply while the automobile or any attached trailer was used to carry property in any business. *Id.* at 610. The *Zurich* Court found the insurance company had a duty to represent the defendant, stating:

> The complaint sets forth allegations which, if true, would subject [the defendant] to liability covered by the policy. It is only by the introduction of extrinsic evidence showing that the driver was hauling a trailer with goods, that coverage might be defeated. The plaintiff has a duty to represent the defendant in the original action. [*Id.* at 612.]

In sum, our Legislature has provided a statutory presumption that Gillespie was operating Irvine's vehicle with her consent. The underlying complaints each set forth allegations that Gillespie was driving with the express or implied consent of Irvine. If consent is established in the underlying suits, Gillespie would be insured under the Secura policy and Secura would be subject to liability under its policy. Secura's argument that Gillespie was operating Irvine's vehicle without her consent does not defeat its duty to defend Gillespie in this case.[1]

---

[1] The trial court ordered defendant to pay $17,868.09 plus interest, the cost to defend Gillespie in the underlying suits. We affirm the trial court on this issue.

### 2. SECURA'S DUTY TO INDEMNIFY

While we conclude that the allegations of the underlying complaints and the statutory presumption found at MCL 257.401(1) are sufficient to impose on Secura the duty to defend Gillespie, this statutory presumption and the allegations of the complaint can be rebutted, and, if rebutted, Secura would not be obligated to indemnify Gillespie for his negligent conduct. Citizens claims that Secura will not be wrongly required to indemnify Gillespie irrespective of the outcome of the underlying cases. Citizens claims that should the juries in the underlying cases determine that Gillespie was operating Irvine's vehicle without her consent, then there would be no coverage under Secura's policy with Irvine, and Secura would not be forced to indemnify Gillespie.

We agree with Citizens' assessment of the coverage afforded Irvine and Gillespie under the Secura policy of insurance. Nonetheless, the language of the trial court's order granting summary disposition to Citizens does not limit Secura's duty to indemnify to a situation in which Irvine consented to Gillespie's use of her vehicle. In the underlying lawsuits, Gillespie's liability may be premised on his negligent operation of the motor vehicle, while Secura and Irvine's liability for Gillespie's negligence only arises where it is determined that Irvine consented to the use her vehicle. It may well turn out that one or more of the juries in the underlying suits find Gillespie negligent in the operation of the vehicle and at the same time conclude that Irvine did not consent to Gillespie's use of her vehicle. In that case, Secura would not be under a duty to indemnify Gillespie. Accordingly, we limit Secura's duty to indemnify Gillespie in the underlying suits to situations in

which there is a factual or legal determination that Irvine expressly or impliedly consented to Gillespie's use of her vehicle.

### D. CITIZENS' REQUEST FOR SANCTIONS

Citizens requests that this Court grant costs and sanctions, including appellate costs and attorney fees, claiming Secura's appeal is vexatious. Damages may be awarded or other disciplinary action may be taken when an appeal or proceedings in an appeal are determined to be vexatious. MCR 7.216(C). Such a determination may be made at the Court's own initiative "or on the motion of any party filed under MCR 7.211(C)(8) . . . ." MCR 7.216(C)(1).

We conclude that Secura's appeal is not vexatious. Contrary to Citizens' view, this case presents a unique question that is not well settled under Michigan law. All the caselaw presented by Citizens addresses the duty to defend and indemnify a party that is unquestionably an insured under the relevant policy of insurance. Here, the critical question is whether Gillespie is an insured under the Secura insurance policy issued to Irvine. Citizens has not presented nor has this Court discovered caselaw that squarely addresses this issue of insurance law.

Moreover, "[a] party's request for damages or other disciplinary action under MCR 7.216(C) must be contained in a motion filed under this rule. A request that is contained in any other pleading, including a brief filed under MCR 7.212, will not constitute a motion under this rule." MCR 7.211(C)(8). In this case, Citizens' request for sanctions was contained in its brief filed under MCR 7.212 and, therefore, does not constitute a motion as required by the applicable court rule.

### III. CONCLUSION

The trial court properly granted Citizens' motion for summary disposition on the issue of Secura's duty to defend Gillespie. The trial court prematurely granted Citizens' motion for summary disposition on the issue of Secura's duty to indemnify Gillespie. We decline to impose sanctions.

Affirmed in part and reversed in part.