# STATE OF MICHIGAN

# COURT OF APPEALS

5504 REUTER, L.L.C.,

Plaintiff-Appellant,

v

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

Defendant-Appellee,

and

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

Defendant.

UNPUBLISHED
December 18, 2014

No. 317854
Wayne Circuit Court
LC No. 11-011647-CK

Before: RIORDAN, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, 5504 Reuter LLC, appeals as of right the January 31, 2013 order granting summary disposition to defendant[1] Deutsche Bank National Trust Company on plaintiff's claims for breach of contract, silent fraud, and fraudulent inducement. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The underlying action concerns property sold to plaintiff; the property was scheduled to be demolished at the time of the sale and plaintiff did not discover as much until after the sale was consummated, despite the fact that the demolition notice was a matter of public record.

---

[1] Defendant Old Republic National Title Insurance Company entered into a settlement agreement with plaintiff after plaintiff filed its complaint. Hereinafter, all references to "defendant" will refer solely to Deutsche Bank National Trust Company.

Plaintiff is an entity engaged in purchasing and rehabilitating houses and then selling those houses for a profit.[2] On or about April 25, 2011, plaintiff, by "special or limited warranty deed," purchased a previously foreclosed and bank-owned residential structure located at 5504 Reuter in Dearborn ("the property"). The seller listed on the sales contract was "Ocwen Loan Servicing, LLC," which acted as a loan servicing agent for defendant pursuant to a pooling and servicing agreement dated May 1, 2003. Defendant was not mentioned in the sales agreement; however, it is undisputed that defendant owned the property before it was sold to plaintiff. Plaintiff paid $21,765 for the property, $20,000 of which was for the purchase of the property, and the remaining $1,765 of which was for unpaid taxes and closing costs. Addendum A to the sales agreement explained that the property was being sold "as-is, where-is, and with all faults[,]" that the seller did not make any representations about the property, and that plaintiff did not rely on any representations made by the seller.

As part of the sales transaction, plaintiff purchased title insurance from Old Republic National Title Insurance Company. Old Republic performed a title search and did not identify any encumbrances or defects in the title. Significantly, Old Republic's title search did not reveal the demolition notice, which was recorded in the Wayne County Register of Deeds. It is unclear why Old Republic's title search did not reveal the demolition notice.

Plaintiff purchased the property and began renovating the home. During the midst of renovations, a representative from the city of Dearborn visited the property and ordered that all work cease immediately. The city representative informed plaintiff that, since June 2005, the property had been the subject of demolition proceedings and that it was scheduled for demolition because the city had declared the home to be in a dangerous and unsafe condition. The demolition notice was recorded in the Wayne County Register of Deeds in June 2005.

On September 22, 2011, plaintiff filed a four-count complaint against defendant and Old Republic. Plaintiff asserted claims for breach of contract, silent fraud, and fraudulent inducement against defendant. It also asserted a claim for breach of contract against Old Republic. Plaintiff subsequently settled its claim against Old Republic, and the action proceeded against defendant.[3]

After the close of discovery, defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). Concerning plaintiff's breach of contract claim, defendant noted that Ocwen, not defendant, was listed as the seller in the sales agreement with plaintiff and argued that, where it was not a party to the contract, it could not be held liable for breach of that agreement. Defendant also noted the "as-is" clause in Addendum A to the sales contract and argued that this clause prevented plaintiff from asserting a claim for breach of contract based on

---

[2] According to plaintiff's representations in its brief on appeal and in its opposition to defendant's motion for summary disposition, plaintiff is well versed in real estate and purchasing distressed houses.

[3] According to representations by defendant's counsel at a January 17, 2013 motion hearing, plaintiff settled with Old Republic for $20,000—the full policy limit.

the demolition order. Regarding plaintiff's claims for fraudulent inducement and silent fraud, defendant argued that it never made any representations or withheld any information from plaintiff. It also argued that plaintiff's claims should fail because plaintiff was charged with constructive notice of the demolition order, as it was a matter of public record.

Following a hearing on defendant's motion, the trial court granted summary disposition to defendant. The trial court noted that plaintiff alleged that it made inquiries about the property, but it failed to provide evidence of the substance of the inquiries, to whom the inquiries were made, and when the inquiries were made. The trial court noted that plaintiff's affidavit from Joseph A. Traficante, Jr., a member of plaintiff, purported to provide evidence of the inquiries that plaintiff made to defendant, but the affidavit was "really vague[.]" The trial court, probing plaintiff's counsel for more factual details, inquired whether discovery had closed, and plaintiff's counsel confirmed that it had. After a thorough discourse regarding plaintiff's claims and the sufficiency of its proofs, the trial court ultimately opined that plaintiff "got the . . . shaft", but granted summary disposition to defendant on all of plaintiff's claims. Concerning the breach of contract claim, the trial court found that there was no proof of a breach; it also noted that the sales contract was not signed by a representative of defendant and that the contract sold the property "as is." Concerning fraudulent inducement and silent fraud, the trial court noted that plaintiff failed to identify specific statements or specific individuals who allegedly made statements to plaintiff. Further, it found that there was no duty to disclose something that was a matter of public record, so summary disposition was appropriate on plaintiff's silent fraud claim.

Thereafter, the trial court denied plaintiff's motion for reconsideration. This appeal followed.

## II. STANDARD OF REVIEW

An appellate court reviews de novo the trial court's decision to grant summary disposition. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). It is apparent from the trial court's comments at the summary disposition hearing that the trial court considered information outside of the pleadings. As such, this Court considers the motion to have been granted under MCR 2.116(C)(10). *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007). In reviewing the trial court's decision on a motion for summary disposition under MCR 2.116(C)(10), this Court "review[s] the evidence and all legitimate inferences in a light most favorable to the nonmoving party." *Coblentz v Novi*, 475 Mich 558, 567-568; 719 NW2d 73 (2006). Under MCR 2.116(C)(10), "[s]ummary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham*, 480 Mich at 111.

Resolution of plaintiff's issues also requires interpretation of the sales agreement and first addendum thereto. Contract interpretation is a question of law that this Court reviews de novo. *Citizens Ins Co v Secura Ins*, 279 Mich App 69, 72; 755 NW2d 563 (2008). "The goal of contract interpretation is to first determine, and then enforce, the intent of the parties based on the plain language of the agreement." *Harbor Park Market, Inc v Gronda*, 277 Mich App 126, 130; 743 NW2d 585 (2007).

### III. BREACH OF CONTRACT

"A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014). "It goes without saying that a contract cannot bind a nonparty." *AFSCME Council 25 v Wayne Co*, 292 Mich App 68, 80; 811 NW2d 4 (2011) (citation and quotation omitted).

As an initial matter, summary disposition with regard to plaintiff's breach of contract claim was appropriate because defendant was not a party to the contract. The sales contract and first addendum thereto only refer to Ocwen as the seller and the party with whom plaintiff contracted. The documents make no mention of defendant. "It goes without saying that a contract cannot bind a nonparty." *Id.* (citation and quotation omitted). Moreover, plaintiff has not made an argument that Ocwen was acting as an agent for defendant in the underlying transaction or that, because of such an agency relationship, defendant should be held liable for any breaches by Ocwen. This Court should not make such an argument for plaintiff. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments . . . ." *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998) (citation and quotation omitted).

Further, even ignoring that defendant is not listed on the sales contract, plaintiff cannot establish a breach of the contract. Plaintiff makes two arguments in support of its breach of contract claim. Plaintiff initially points to a city ordinance. The ordinance requires that the owner of property, or the owner's agent, must, before consummating a sale of real property in the city of Dearborn, present the purchaser with a copy of an inspection report or certificate of occupancy. Dearborn Ordinance, § 11-42(a). One who violates the ordinance is subject to a misdemeanor or fine. Dearborn Ordinance, § 1-9(a). The ordinance does not provide a private right of action, nor does it permit a party to void an otherwise valid contract if the buyer failed to provide an inspection report. Here, it is undisputed that neither defendant nor Ocwen provided an inspection report to plaintiff. However, plaintiff makes no argument that this ordinance was a part of the contract. And, a review of the contract contains no mention of the ordinance or a duty on the part of the seller to provide an inspection report. Rather, the contract provides the opposite; it expressly stated that the seller, Ocwen, would not provide an inspection report and encouraged plaintiff to obtain an inspection report.[4] Plaintiff's argument lacks merit.

Next, plaintiff argues that defendant breached the implied duty of good faith and fair dealing. This argument is meritless. "Unlike some other jurisdictions, Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *In re Leix Estate*, 289 Mich App 574, 591; 797 NW2d 673 (2010) (citation and quotation omitted). See also *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 476; 666 NW2d 271 (2003)

---

[4] Plaintiff concedes that its representative did perform a visual inspection of the property before the sale.

(explaining that "Michigan does not recognize a claim for breach of an implied covenant of good faith and fair dealing . . . and therefore [the trial court] properly dismissed this claim."). In order to succeed on a breach of contract claim, plaintiff would need to show a breach of the *terms* of the contract itself; it cannot premise a breach of contract action on a breach of the implied duty of good faith and fair dealing. *In re Leix Estate*, 289 Mich App at 591. Plaintiff has not done so. Accordingly, there was no genuine issue of material fact on the breach of contract claim and plaintiff is not entitled to relief. See *Latham*, 480 Mich at 111.

## IV. SILENT FRAUD

Plaintiff next argues that the trial court erred when it granted summary disposition on its silent fraud claim. "Silent fraud has also long been recognized in Michigan." *Titan Ins Co v Hyten*, 491 Mich 547, 557; 817 NW2d 562 (2012).

> This doctrine holds that when there is a legal or equitable duty of disclosure, [a] fraud arising from the suppression of the truth is as prejudicial as that which springs from the assertion of a falsehood, and courts have not hesitated to sustain recoveries where the truth has been suppressed with the intent to defraud. [*Id.* (citation and quotation omitted).]

"To prove silent fraud, also known as fraudulent concealment, the plaintiff must show that the defendant suppressed the truth with the intent to defraud the plaintiff and that the defendant had a legal or equitable duty of disclosure." *Lucas v Awaad*, 299 Mich App 345, 363-364; 830 NW2d 141 (2013). "A plaintiff cannot merely prove that the defendant failed to disclose something; instead, a plaintiff must show some type of representation by words or actions that was false or misleading and was intended to deceive." *Id.* at 364 (citation and quotation omitted). "Silent fraud is essentially the same [as fraudulent misrepresentation] except that it is based on a defendant suppressing a material fact that he or she was legally obligated to disclose, rather than making an affirmative misrepresentation." *Alfieri v Bertorelli*, 295 Mich App 189, 193; 813 NW2d 772 (2012).

Whether a duty to disclose exists is a question of law. *Lucas*, 299 Mich App at 365. "Such a duty may arise by law or equity; an example of the latter is a buyer making a direct inquiry or expressing a particularized concern." *Alfieri*, 295 Mich App at 193. "A misleading incomplete response to an inquiry can constitute silent fraud." *Id.* at 193-194. As explained in *M&D, Inc v WB McConkey*, 231 Mich App 22, 29; 585 NW2d 33 (1998)

> Our Supreme Court has recognized a vendor's duty to disclose material facts when the vendor and purchaser have generally discussed the condition at issue-when the purchaser has expressed some particularized concern or made a direct inquiry-and the seller fails to fully disclose the material facts within the seller's knowledge related to the condition and the buyer detrimentally relies upon the resulting *misdirection*.

Fraud "is not to be lightly presumed, but must be clearly proved . . . by clear, satisfactory and convincing evidence . . . ." *Cooper v Auto Club Ins Ass'n*, 481 Mich 399, 414; 751 NW2d 443 (2008) (citations and quotations omitted).

We find that summary disposition was appropriate because plaintiff failed to produce evidence to demonstrate a genuine issue of material fact concerning whether defendant had a duty to disclose the existence of the recorded demolition order. Plaintiff contends that it made a "direct inquiry" to defendant concerning whether there were any problems or issues with the property. However, plaintiff failed to provide factual support for this assertion. Plaintiff cites Traficante's affidavit, which states:

> I made several inquiries with the seller as to the current status of the home. . . . I was told repeatedly by the seller and the listing agent that other than the physical and aesthetic shortcomings, there were no other issues pending that would impede my ownership of this house, or my plans to renovate same.

This affidavit does not suffice to create a genuine issue of material fact as to whether plaintiff made a particularized inquiry to defendant that would create an equitable duty of disclosure. Traficante's affidavit only mentions "the seller," which was Ocwen, not defendant. Where defendant was not the seller, it is unclear if this allegation even refers to defendant, and plaintiff has not articulated an agency theory in an attempt to hold defendant liable for any acts by Ocwen. Further, Traficante's affidavit does not specify the individual who made the alleged representation or when the alleged representation was made, and it is vague as to the substance of the representation. The affidavit amounts to nothing more than conclusory statements that are devoid of detail, and, even when viewed in a light most favorable to plaintiff, these statements do not create a genuine issue of material fact on the issue of whether defendant owed plaintiff a duty of disclosure. See *Quinto v Cross & Peters Co*, 451 Mich 358, 371-372; 547 NW2d 314 (1996) (explaining that conclusory allegations that are devoid of detail are insufficient to create a genuine issue of material fact). Additionally, the record does not contain any other factual support for plaintiff's claim. At most, plaintiff asserted that defendant knew the truth; plaintiff did not support its contention that defendant made any representations or any attempts to conceal the truth. That is not enough to create a genuine issue of material fact on a silent fraud claim. See *Lucas*, 299 Mich App at 363-364. See also *Roberts v Saffell*, 280 Mich App 397, 404; 760 NW2d 715 (2008) (explaining that it is not enough to merely allege that the defendant knew the truth but made no representations).

In addition, there was no genuine issue of material fact concerning whether defendant was under a legal duty to disclose the demolition notice. A legal duty of disclosure may arise by contract. *M&D, Inc*, 231 Mich App at 33. Here, as noted, defendant was not a party to the contract. And, to the extent defendant could be considered a party to the contract, the contract expressly stated that it disclaimed any warranties and that the property was being sold "as is." This could not create a legal duty of disclosure. See *id.* (finding that the plaintiff failed to establish a legal duty pursuant to a sales contract when the contract expressly disclaimed representations and warranties and stated that the property was being sold "as is.").

In arguing that summary disposition was inappropriate, plaintiff attempts to compare this case to cases involving latent defects. See, e.g., *Clemens v Lesnek*, 200 Mich App 456, 460-461; 505 NW2d 283 (1993) (discussing cases where latent defects were concealed). However, this was not a case involving a latent defect. Rather, it was a case where the matter that was alleged to have been concealed—the existence of the demolition notice—was a matter of public record. And, more importantly, there is no genuine issue of material fact regarding whether defendant

had a duty to disclose the demolition notice to plaintiff. Therefore, the trial court did not err in granting summary disposition to defendant.

## V. FRAUDULENT INDUCEMENT

Plaintiff next argues that the trial court erred by granting summary disposition on its fraudulent inducement claim. This claim required plaintiff to establish that:

(1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that is was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage. [*Rooyakker & Sitz, PLLC v Plante & Moran, PLLC*, 276 Mich App 146, 161; 742 NW2d 409 (2007) (citations and quotation omitted).]

The trial court did not err by granting summary disposition under MCR 2.116(C)(10) because plaintiff failed to establish a genuine issue of material fact on its fraudulent inducement claim. Plaintiff's brief, as well as the documents submitted before the trial court, fail to identify a material, false representation made by defendant. Plaintiff's proofs failed to allege any representation by *defendant*. Traficante's affidavit alleged, generally, "I was told repeatedly by *the seller and the listing agent*" that there were "no other issues pending that would impede my ownership of this house, or my plans to renovate the same." Notably, this affidavit does not allege any representations made by defendant. It only refers to representations made by "the seller"—Ocwen—and "the listing agent," neither of whom are defendant. Further, plaintiff does not argue an agency theory whereby it seeks to hold defendant liable for representations made by its agents. More significantly, even if plaintiff had advanced such a theory, the claim would not survive a motion for summary disposition pursuant to MCR 2.116(C)(10). Traficante's affidavit makes nothing more than conclusory, sweeping allegations. It makes no reference to the specific individual who made the alleged representations, the specific content of the alleged representation, or the timing of the alleged representation. Fraud must be proved by clear and convincing evidence. *Cooper*, 481 Mich at 414. These broad, conclusory allegations by plaintiff, which are wholly lacking in detail, are insufficient to create a genuine issue of material fact. See *Quinto*, 451 Mich at 371-372. See also *LaMothe v Auto Club Ins Ass'n*, 214 Mich App 577, 586; 543 NW2d 42 (1995) ("[M]ere speculations are not sufficient to overcome a motion for summary disposition. As a result, plaintiff's claims of fraud were appropriately dismissed pursuant to MCR 2.116(C)(8) and (10).").

## VI. MOTION FOR RECONSIDERATION

With no development of the issue, plaintiff contends that the trial court erred in denying its motion for reconsideration. Because plaintiff failed to adequately brief this issue, we could find the matter abandoned. See *Mudge*, 458 Mich at 105. Furthermore, the issue is meritless. This Court reviews the trial court's decision on a motion for reconsideration for an abuse of discretion. *Yoost v Caspari*, 295 Mich App 209, 219; 813 NW2d 783 (2012). Concerning a motion for reconsideration, MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Here, plaintiff's motion for reconsideration merely raised the same arguments that plaintiff now raises in its brief on appeal. These arguments raised the same issues that had already been ruled upon by the trial court. And, as noted above, these arguments lacked merit. Therefore, the trial court did not abuse its discretion when it denied plaintiff's motion for reconsideration. *Yoost*, 295 Mich App at 220.

## VII. DEFENDANT'S ALTERNATE GROUNDS FOR AFFIRMANCE

As an alternate ground for affirmance, defendant argues that plaintiff is not entitled to any relief because it contends that the only party who should be liable to plaintiff in this instance is Old Republic, and that defendant should not be held responsible for Old Republic's failure to identify the demolition notice in its title search. Because summary disposition was appropriate for the reasons discussed above, we need not consider defendant's alternate grounds for affirmance. See *Bloemendaal v Town & Country Sports Center, Inc*, 255 Mich App 207, 216; 659 NW2d 684 (2002).

Affirmed.

/s/ Michael J. Riordan
/s/ Jane M. Beckering
/s/ Mark T. Boonstra