*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RAYCHEL BUTLER,

        Plaintiff-Appellee,

v

TERRELL GLENN LANE, GLENECIA LANE, JOHN DOE, PROGRESSIVE MARATHON INSURANCE COMPANY, MICHIGAN ASSIGNED CLAIMS PLAN, MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY, and WESTFIELD INSURANCE COMPANY,

        Defendants,

and

MEMBERSELECT INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
February 1, 2024

No. 363695
Wayne Circuit Court
LC No. 21-004125-NI

Before: CAVANAGH, P.J., and RICK and PATEL, JJ.

PER CURIAM.

In this action to recover uninsured motorist benefits, defendant MemberSelect Insurance Company appeals by leave granted[1] an order denying its motion for partial summary disposition premised on the ground that plaintiff failed to comply with a condition precedent. We reverse and remand this matter for proceedings consistent with this opinion.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arose out of a motor vehicle accident that occurred on January 20, 2021. Plaintiff was sitting in her parked vehicle when a vehicle driven by an unknown driver allegedly struck her vehicle and fled. Plaintiff reported the accident to the police nine days later, on January 29, 2021.

---

[1] *Butler v Lane*, unpublished order of the Court of Appeals, entered April 25, 2023 (Docket No. 363695).

Subsequently, plaintiff filed this lawsuit alleging that defendant wrongfully refused to pay uninsured motorist (UM) benefits. Defendant responded that plaintiff was not entitled to coverage because she breached the insurance policy by failing to perform a condition precedent, which was that she makes a written report of the hit-and-run accident within 24 hours to local police.

Defendant moved for partial summary disposition under MCR 2.116(C)(8) and (C)(10). Plaintiff responded, claiming that the insurance policy was ambiguous because of the location of the condition-precedent language in the policy and because it did not list any consequences for failing to satisfy the 24-hour notice requirement. The trial court found in favor of plaintiff and denied defendant's motion for partial summary disposition, concluding that the terms of the insurance policy were ambiguous and unreasonable. Defendant moved for reconsideration, which the trial court denied. This appeal followed.

## II. DISCUSSION

Defendant argues that the trial court erred when it denied its motion for partial summary disposition because plaintiff failed to meet the insurance policy's condition precedent, which required her to report the hit-and-run accident to law enforcement within 24 hours to receive insurance benefits. We agree.

## A. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Because defendant relied on documents outside the pleadings in support of its motion, we consider the motion as brought under MCR 2.116(C)(10). See *Spiek v Mich Dep't of Transportation*, 456 Mich 331, 338; 572 NW2d 201 (1998); *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008).

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. [*Maiden*, 461 Mich at 120.]

The moving party is entitled to judgment as a matter of law when the evidence submitted fails to establish a genuine issue regarding any material fact. *Id*. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Southfield Ed Ass'n v Bd of Ed of Southfield Pub Sch*, 320 Mich App 353, 361-362; 909 NW2d 1 (2017) (quotation marks and citation omitted). We also review de novo as questions of law the interpretation and construction of insurance contracts. *Citizens Ins Co v Secura Ins*, 279 Mich App 69, 72; 755 NW2d 563 (2008).

## B. LAW AND ANALYSIS

This case concerns UM benefits. Because UM benefits are not required by statute, and are instead an optional coverage, "the rights and limitations of such coverage are purely contractual . . . ." *Rory v Continental Ins Co*, 473 Mich 457, 465-466; 703 NW2d 23 (2005). This means that the terms of the policy control whether such benefits are available. *Andreson v Progressive*

*Marathon Ins Co*, 322 Mich App 76, 84-85; 910 NW2d 691 (2017) (citation omitted). In other words, interpretation of the insurance policy, which is the contract between the insurer and the insured, dictates the circumstances under which UM benefits will be provided. *Dawson v Farm Bureau Mut Ins Co of Mich*, 293 Mich App 563, 568; 810 NW2d 106 (2011) (citation omitted).

Contract construction principles apply to the interpretation of the insurance policy as it is a contractual agreement between the parties. *Hastings Mut Ins Co v Safety King, Inc*, 286 Mich App 287, 291; 778 NW2d 275 (2009). The insurance policy is read as a whole, according the terms their plain and ordinary meaning, to determine and effectuate the intentions of the parties. *Id*. at 292. An unambiguous contract must be enforced as written, without judicial construction, because it reflects the parties' intent as a matter of law. *Id*. A " 'mere judicial assessment of 'reasonableness' is an invalid basis upon which to refuse to enforce contractual provisions.' " *Dawson*, 293 Mich App at 569, quoting *Rory*, 473 Mich at 470. "The reason [for this] is clear: It is not the province of the judiciary to rewrite contracts to conform to the court's liking, but instead to enforce contracts as written and agreed to by the parties." *Dawson*, 293 Mich App at 569.

First, we consider whether the 24-hour reporting requirement is a condition precedent to receiving UM benefits. "A condition precedent . . . is a fact or event that the parties intend must take place before there is a right to performance." *Harbor Park Market, Inc v Gronda*, 277 Mich App 126, 131; 743 NW2d 585 (2007) (quotation marks and citation omitted). "If the condition is not satisfied, there is no cause of action for a failure to perform the contract." *Id*. "A condition precedent is distinguished from a promise in that it creates no right or duty in itself, but is merely a limiting or modifying factor." *Mikonczyk v Detroit Newspapers, Inc*, 238 Mich App 347, 350; 605 NW2d 360 (1999) (quotation marks and citation omitted).

The first page of the insurance policy states: "This policy is a legal contract between you (the policyholder) and us (the company)." The insurance policy then instructs: "A person claiming . . . Uninsured and Underinsured Motorists Bodily Injury Coverage . . . must promptly . . . make a written report of a hit-and-run accident within 24 hours to local law enforcement[.]" The policy continues: "[I]f it is shown that it is not reasonably possible to give such notice within the prescribed time . . . notice must be given as soon as it is reasonably possible." This language plainly sets, as a condition precedent, an obligation that plaintiff must meet to receive UM benefits. The condition requires the insured to report the accident to police within 24-hours, or if that is not reasonably possible, as soon as it is reasonably possible. That is, before plaintiff has a right to performance by defendant, this event must take place. See *Harbor Park Market, Inc*, 277 Mich App at 131. Plaintiff does not dispute that she failed to report the alleged hit-and-run accident to police within 24 hours.

Next, we consider whether the condition precedent is ambiguous. "An insurance contract is ambiguous when its provisions are capable of conflicting interpretations." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003) (quotation marks and citation omitted). Similarly, "if two provisions of the same contract irreconcilably conflict with each other, the language of the contract is ambiguous." *Id*. "Courts may not impose an ambiguity on clear contract language." *Coates v Bastian Bros, Inc*, 276 Mich App 498, 503; 741 NW2d 539 (2007). "Plain and unambiguous contract language cannot be rewritten by the Court under the guise of interpretation, as the parties must live by the words of their agreement." *Harbor Park Market*, 277 Mich App at 130-131 (quotation marks and citation omitted). "Whether a contract is ambiguous is a question of law." *Coates*, 276 Mich App at 504. It is only when the contractual language is ambiguous that its meaning becomes a question of fact. *Id*.

Plaintiff contends that the condition precedent is ambiguous because the UM section of the policy states: "Subject to the Definitions, Exclusions, Conditions and Limits of Liability of this policy, we will pay compensatory damages which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury[.]" And, plaintiff argues, the 24-hour-reporting-to-police requirement is not specifically stated in that section of the policy. But the first page of the insurance policy, as discussed above, sets forth the conditions that must be met to claim benefits under the insurance policy—one of which is the 24-hour-reporting requirement. And the UM section of the policy specifically states, as plaintiff acknowledges, that coverage is "[s]ubject to the . . . Conditions . . . of this policy . . . ." There are no conflicting interpretations of this condition. See *Klapp*, 468 Mich at 467. Simply because the condition precedent is not repeated in the text of the UM section does not make it ambiguous. Our Supreme Court has held: "[A]n insurance policy must be read as a whole to determine and effectuate the parties' intent." *Hastings Mut Ins Co*, 286 Mich App at 292. Reading the policy as a whole shows the word "conditions" in the UM coverage section is an umbrella term—under which are all conditions in the policy, including the 24-hour-reporting condition precedent. The language of the contract establishes the conditions precedent, and binds plaintiff to all of them. These sections of the policy are in harmony, and there is no ambiguity regarding the reporting requirement.

Plaintiff also claims that the policy was ambiguous because its language did not explicitly exclude coverage as a consequence for not meeting the 24-hour reporting requirement. However, the absence of a specified or identified consequence is immaterial and does not render the policy ambiguous. The effect of failing to satisfy a "condition precedent" of a contract is clear—such failure relieves defendant of the responsibility to perform its obligation under the contract. See *Harbor Park Market, Inc*, 277 Mich App at 131. Therefore, the trial court erred in holding that the terms of the policy were ambiguous.

The trial court also erred by applying its own assessment of the condition precedent's reasonableness to deny defendant's motion for partial summary disposition. At the motion hearing, the trial court noted it would have enforced the policy's provisions had plaintiff waited six months to report the accident. The trial court opined that allowing plaintiff to report the accident several months later would have been too long. At the same time, the trial court implied that the 24-hour reporting requirement was too short. In its order denying defendant's motion for reconsideration, the trial court also stated: "[T]he reporting requirement in this case was 24 hours, which the Court finds was unreasonable." The trial court did not explain why the requirement was unreasonable. Rather, it inserted its own assessment of the provision's reasonableness. This was error.

> This approach, where judges divine the parties' reasonable expectations and then rewrite the contract accordingly, is contrary to the bedrock principle of American contract law that parties are free to contract as they see fit, and the courts are to enforce the agreement as written absent some highly unusual circumstance, such as a contract in violation of law or public policy. [*Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 51-52; 664 NW2d 776 (2003).]

Plaintiff did not raise any contractual defenses, nor did she argue that the policy violated law or public policy. The trial court simply determined sua sponte that the 24-hour reporting provision was unreasonable because it was impliedly too short. The trial court lacked the authority to make such a determination. " '[T]he judiciary is without authority to modify unambiguous

contracts or rebalance the contractual equities struck by the contracting parties because fundamental principles of contract law preclude such subjective post hoc judicial determinations of 'reasonableness' as a basis upon which courts may refuse to enforce unambiguous contractual provisions.' " *Holmes v Holmes*, 281 Mich App 575, 594; 760 NW2d 300 (2008), quoting *Rory*, 473 Mich at 461. Simply stated, a "mere judicial assessment of 'reasonableness' is an invalid basis upon which to refuse to enforce contractual provisions." *Dawson*, 293 Mich App at 569 (quotation marks and citation omitted). Consequently, the trial court erred when it substituted its own assessment of the condition precedent's reasonableness to deny defendant's motion for partial summary disposition.

Plaintiff argues for the first time on appeal that defendant needed to establish actual prejudice before denying plaintiff insurance benefits as our Supreme Court held in *Koski v Allstate Ins Co*, 456 Mich 439, 444; 572 NW2d 636 (1998). Plaintiff's argument is without merit. As our Supreme Court held in *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 362; 817 NW2d 504 (2012), "an unambiguous notice-of-claim provision setting forth a specified period within which notice must be provided is enforceable without a showing that the failure to comply with the provision prejudiced the insurer." But, the *DeFrain* Court held, a prejudice requirement may be imposed when the notice provision does not set forth a specific temporal requirement, i.e., when a notice provision requires notice "immediately" or "within a reasonable time," as was the circumstance in *Koski*. *Id*. at 375. However, in this case, the provision at issue set forth a clear and specific time period within which the insured was to make a written report of a hit-and-run accident to local law enforcement—within 24 hours. As the *DeFrain* Court explained, "Because providing UM coverage is optional and not statutorily mandated under the no-fault act, the policy language alone controls the circumstances entitling a claimant to an award of benefits." *Id*. at 367. If we were to impose a prejudice requirement where none exists, as requested by plaintiff here, we would be disregarding controlling legal authority of our Supreme Court and frustrating the parties' right to contract freely—as the *DeFrain* Court cautioned against. *Id*. at 368. Therefore, we reject plaintiff's argument.

In conclusion, the trial court erred when it denied defendant's motion for partial summary disposition because plaintiff failed to meet a condition precedent of the insurance policy. We reverse the trial court's order and remand with instructions to enter an order granting defendant partial summary disposition consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Michelle M. Rick
/s/ Sima G. Patel